FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAY 27 2014 ★ Courtesy Copy
Original Filed Electronically

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
UNITED STATES OF AMERICA,       )
                                )   STIPULATION
           v.                   )   AND ORDER
                                )
ROBERT AMENDOLA,                )   Criminal Docket No.
                                )   CR-08-0372 (SJF)
                   Defendant.   )
------------------------------X

WHEREAS, the Defendant Robert Amendola (the "Defendant") was sentenced in the instant criminal case on April 28, 2009, based upon his guilty plea to Counts One and Two of a two-count Information, Count One charging him with conspiracy to impede the Internal Revenue Service ("IRS") in the ascertainment and computation of payroll taxes, pursuant to 18 U.S.C. § 371, and Count Two charging him with attempting to evade income taxes, pursuant to 26 U.S.C. § 7201; and

WHEREAS, the Court deferred determination of the amount of the restitution judgment to be imposed against the Defendant; and

WHEREAS, the Court sentenced the Defendant to, <u>inter alia</u>, pay a criminal fine in the amount of $7,500.00, with the fine to be paid within six months of the satisfaction of the forthcoming restitution judgment; and

United States v. Robert Amendola, CR-08-0372
Stipulation and Order of Settlement
Page 1 of 8

WHEREAS, in an Amended Judgment entered on December 4, 2009, the Court sentenced the Defendant to, inter alia, pay restitution in the total amount of $1,125,660.30, as follows: (1) the sum of $572,117.39 based upon his conviction upon Count One, which charged him with the failure of his corporation, Amendola Industries, Inc. ("Amendola Industries"), to pay quarterly payroll taxes ("Form 941 liabilities") owing for the second, third and fourth quarters of 2001, 2002, 2003 and 2004; and (2) the sum of $553,543.00 based upon his conviction upon Count Two, which charged him with the failure to pay personal income taxes for the 2004 tax year; and

WHEREAS, the Amended Judgment ordered the Defendant to pay restitution no later than six months following his release from custody; and

WHEREAS, on April 9, 2012, the Court entered an order modifying the payment schedule set forth in the Amended Judgment, to require the Defendant to pay restitution in installment payments commencing February 2012 and continuing through August 2014; and

WHEREAS, pursuant to an Offer in Compromise of withholding and corporate income taxes of Amendola Industries, accepted by the IRS on October 3, 2012 (the "OIC"), the Defendant and/or Amendola Industries paid a total of $1 million

directly to the IRS, with the final payment owing pursuant to the OIC made by August 2013; and

WHEREAS, as of November 4, 2013, the Defendant had paid a total of $780,905.26 (including payments made directly to the Internal Revenue Service - Criminal Restitution Unit as well as payments made to the Clerk of the Court), not including any of the monies paid pursuant to the OIC, toward the restitution and fine judgments imposed in the instant case in the total amount of $1,133,360.30; and

WHEREAS, on November 12, 2013, the Defendant filed a motion to extinguish the remaining restitution obligation in the instant case, claiming that all withholding taxes that were the subject of restitution under Count One had been fully satisfied by the payments made pursuant to the OIC; and

WHEREAS, on March 14, 2014, the United States filed its Opposition to the Defendant's motion to extinguish the remaining restitution obligation contending, among other things, that the acceptance of the OIC was the result of mutual mistake between the parties; and

WHEREAS, including payments received after November 4, 2013, as of April 8, 2014, the Defendant had paid a total of $820,905.26, not including any of the monies paid pursuant to

the OIC, toward the restitution and fine judgments imposed in the instant case; and

WHEREAS, as of April 8, 2014, the outstanding balance owing toward the restitution judgment and fine was $312,255.04, plus interest in the amount of $10,037.44; and

WHEREAS, the Defendant has not filed any Reply to the Government's Opposition to said motion, said Reply being due on May 16, 2014; and

WHEREAS, on April 9, 2014, the Defendant paid over to the Clerk of Court, Eastern District of New York, the sum of $322,295.31 (the "funds paid on April 9, 2014"), in full satisfaction of the balance owing upon the restitution order and the criminal fine, including interest, subject to the Court's determination of the Defendant's outstanding motion with respect to the balance owing upon restitution; and

WHEREAS, the Clerk of the Court has not yet disbursed the funds paid on April 9, 2014;

NOW, THEREFORE, in order to resolve the pending motion without further litigation, the United States and Defendant Robert Amendola stipulate and agree as follows:

1. In light of the agreement between Amendola Industries and the IRS, the United States and Defendant Robert Amendola hereby agree as follows:

a. Of the funds paid on April 9, 2014, the Clerk of the Court will retain $169,777.63 (that is, the principal amount of $160,000.00 plus interest owing as of April 9, 2014, in the amount of $9,777.63), and pay these monies over to the Internal Revenue Service - Criminal Restitution Unit;

b. The payment of the funds set forth in Paragraph 2(a), together with the $820,905.26 previously paid by or on behalf of Robert Amendola toward restitution in connection with the instant criminal case, and the $1 million paid pursuant to the OIC, a portion of which has been credited to Form 941 liabilities owing from Amendola Industries for the second, third and fourth quarters of 2001, 2002, 2003 and 2004, satisfies Defendant Robert Amendola's obligation to pay restitution under the terms of the judgment in this case;

c. The decision of how the $169,777.63 referred to in Paragraph 2(a) shall be applied remains solely within the discretion of the IRS;

d. Of the funds paid on April 9, 2014, the Clerk of the Court will retain the sum of $7,762.64 (that is, the principal amount of $7,500.00 plus interest owing as

of April 9, 2014, in the amount of $262.64), and shall apply these monies to the outstanding balance owed for the criminal fine imposed against the Defendant in the amount of $7,500.00, plus interest; and

e. Upon the execution of this Stipulation and Order and such additional orders of this Court as are necessary, the Clerk of the Court shall return $144,755.44 of the funds paid on April 9, 2014, to Defendant Robert Amendola and his spouse, Sheila Amendola.

2. Upon the Court's execution of the instant Stipulation and Order, the Clerk of the Court shall apply and/or disburse the monies paid to it on April 9, 2014, in the total amount of $322,295.31, as follows:

a. The sum of $7,762.64 shall be applied to the outstanding balance owed for the criminal fine imposed against the Defendant in the amount of $7,500.00, plus interest;

b. The sum of $160,000.00 shall be applied by the Clerk of the Court to the restitution judgment imposed against the Defendant and shall be disbursed thereafter to the Internal Revenue Service - Criminal Restitution Unit, at the following address:

> IRS- RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Avenue
> Kansas City, MO 64108;

c. The sum of $9,777.63, representing interest owing as of April 9, 2014, upon the full amount of the Defendant's obligation to pay restitution pursuant to the Amended Judgment, shall be applied by the Clerk of the Court to the restitution judgment imposed against the Defendant and shall be disbursed thereafter to the Internal Revenue Service - Criminal Restitution Unit at the address set forth in Paragraph 3(b), above;

d. The sum of $144,755.04 shall be paid by the Clerk of the Court to the Defendant and Sheila Amendola in the form of a check made payable to "Robert and Sheila Amendola" and sent to Francis J. Murray, Esq., Murray & McCann, 100 Merrick Road, Suite 514W, Rockville Centre, New York 11570.

3. The Clerk of the Court shall deem the restitution judgment to be satisfied.

4. The Defendant's obligation to pay restitution and a fine, and the accrued interest thereon, and a special assessment, having been satisfied, the Defendant's motion to extinguish the remaining restitution obligation shall

be deemed withdrawn with prejudice upon the execution of all terms and conditions of this Stipulation and Order of Settlement.

Dated: May 16, 2014
Brooklyn, New York

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
Mary M. Dickman
Assistant U.S. Attorney
(718) 254-6022

Dated: May 16, 2014
Rockville Centre, NY

MURRAY & McCANN
100 Merrick Road, Suite 514W
Rockville Centre, NY 11570

By: _____
Francis J. Murray, Esq.
(516) 766-3131
Attorney for Defendant
Robert Amendola

SO ORDERED.

Dated: Central Islip, New York
       , 2014

s/ Sandra J. Feuerstein
_____
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

United States v. Robert Amendola, CR-08-0372
Stipulation and Order of Settlement
Page 8 of 8